

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/28/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                                  :

DAMON JONES,                        :

                          :    **ORDER AND OPINION**

               Plaintiff,    :

                          :    10 Civ. 898 (AKH)

        -against-            :

                          :

NEW YORK STATE METRO          :
DEVELOPMENTAL DISABILITIES SERVICES   :
OFFICE, LAVERN BOONE, MICHAEL        :
HARRISON, and SHIRLYNN THOMAS,      :

                          :

              Defendants.             

                          :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

## I.   **Introduction**

        *Pro se* Plaintiff Damon Jones brings claims against Defendants under 42 U.S.C. §

1983 ("Section 1983"), the Americans with Disabilities Act of 1990 ("ADA"), Title VII

(discrimination and retaliation), and the New York State and New York City Human Rights

Laws ("NYSHRL" and "NYCHRL," respectively). After taking Jones' deposition, Defendants

moved for summary judgment. Jones also moved for summary judgment, for default judgment

against Defendants Boone and Harrison, and to compel additional discovery against all

Defendants. For the reasons stated below, Jones' motions are denied, and Defendants' motion is

granted.

## II.   **Facts and Procedural Posture**

        Jones, an African-American, was employed by Metro New York Developmental

Disabilities Services Office ("Metro NY DDSO") as a Probationary Developmental Aide Trainee

from February 14, 2008, through April 21, 2008. In this position, Jones tended to the needs of

developmentally disabled residents of a Metro NY DDSO group home. Metro NY DDSO is a division of the New York State Office for People with Developmental Disabilities.

On April 11, 2008, Defendant Michael Harrison, Jones' coworker, allegedly witnessed Jones sexually assaulting a developmentally disabled resident of the Metro NY DDSO facility. Harrison reported the alleged sexual conduct to Shirlynn Thomas, another coworker, who contacted the police. Jones claims that Harrison falsely accused him of sexual assault because he had previously reported to Supervisor Lavern Boone that Harrison was "sleeping on the job." Jones was arrested and accused of criminal conduct toward this developmentally disabled individual.[1]

On April 14, 2008, Metro NY DDSO advised Jones of his termination, effective April 21, 2008, citing his failure to comply with the terms of his employment. Approximately one year later, Jones was convicted of endangering the welfare of an incompetent person.

On July 24, 2009, over a year after Jones' termination, Jones filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"). The EEOC issued Jones a "right to sue" letter on September 9, 2009. On February 4, 2010, more than 90 days later, Jones filed his initial Complaint, and, later, on June 18, 2010, his Amended Complaint. Jones' Amended Complaint alleges that his termination resulted from employment discrimination on the basis of race, disability (stuttering) and sexual orientation (Jones claims that Harrison called him a homosexual). While Jones' Motion for Summary Judgment references a claim for employment discrimination based on national origin, his Amended Complaint contains no such claim.

---

[1] Defendant Lavern Boone, Jones' supervisor, was not present the night of Jones' arrest.

## II.    **Standard of Review**

Summary judgment is appropriate where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).  The court must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008) (citations omitted). However, "[m]ere speculation and conjecture is insufficient to preclude the granting of the motion." Harlen Associates v. Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001). When both parties move for summary judgment, "each party's motion must be examined on its own merits, and . . . all reasonable inferences must be drawn against the party whose motion is under consideration." Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001).

## III.   **Analysis**

### A.      Metro NY DDSO

State sovereign immunity precludes Jones' Section 1983 and ADA claims against Metro NY DDSO. Absent a state's consent to be sued or a valid congressional abrogation, the Eleventh Amendment affords states and their agencies immunity from suits for damages in federal court. Kentucky v. Graham, 473 U.S. 159, 160 (1985). New York State has not consented to be sued in federal court under Section 1983 or the ADA. Nicolae v. Office of Vocational and Educ. Serv. for Individuals with Disabilities, 257 F. App'x 455, 456-57 (2d Cir. 2007); Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004). Nor has Congress abrogated state sovereign immunity in enacting either Section 1983 or the ADA. Quern v. Jordan, 440 U.S. 332, 345 (1979); Board of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 374 (2001). Although Title II of the ADA abrogates state sovereign immunity where an independent violation of the Fourteenth

3

Amendment exists, Jones has not shown such a violation. See U.S. CONST., amend. XIV; United States v. Georgia, 546 U.S. 151, 151 (2006). Thus, the Eleventh Amendment bars Jones' Section 1983 and ADA claims against Metro NY DDSO, a division of a New York State agency. See Shipman v. New York State Office of Persons with Developmental Disabilities, 2012 WL 897790, *5-6 (finding Metro NY DDSO entitled to sovereign immunity).

Although state sovereign immunity does not bar Jones' Title VII discrimination and retaliation claims against Metro NY DDSO, these claims fail on the merits. See Nevada Dept. of Human Res. v. Hibbs, 538 U.S. 721, 729 (2003). A Title VII discrimination claim requires that a plaintiff's discharge occur under circumstances warranting an inference of discrimination. See McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997). Jones' arrest for sexually assaulting a developmentally disabled person in the care of Metro NY DDSO is inconsistent with any conclusion that Jones' discharge occurred under circumstances warranting an inference of discrimination.

Further, Jones' Title VII retaliation claim fails. In reporting to Boone that Harrison was "sleeping on the job," Jones neither engaged in protected opposition to discrimination nor participated in a proceeding arising out of discrimination. See Kessler v. Westchester Co. Dep't. of Soc. Servs., 461 F.3d 199, 206 (2d Cir. 2006).

B.      Individual Defendants

Jones' ADA and Title VII claims against Boone, Harrison and Thomas are time-barred, as Jones failed both to file charges with the EEOC within 300 days of the alleged discriminatory act and to file suit within 90 days of receiving the EEOC "right to sue" letter. See 42 U.S.C. § 2000(e)-5(e)(1), 5(f)(1) (establishing these requirements for Title VII claims); 42 U.S.C. § 12117(a) (adopting the filing requirements of Title VII claims for ADA claims). Jones

4

has not shown entitlement to equitable tolling. See Perry v. Sony Music, 462 F. Supp. 2d 518,
520 (2006) (finding incarceration insufficient to warrant equitable tolling).

Although Jones' Section 1983 claims are not time-barred, Defendants are entitled
to summary judgment on these claims. See Rochester v. Sixth Precinct Police Station, 370 F.
App'x 244, 245. State sovereign immunity precludes Jones' Section 1983 claims against
Harrison, Thomas and Boone in their official capacities. See Graham, 473 U.S. at 165-66. Jones'
Section 1983 claims against these Defendants in their personal capacities fail as well, as Jones
has failed to allege facts enabling a reasonable juror to conclude that any of the individual
Defendants was personally involved in a constitutional deprivation. See Provost v. City of
Newburgh, 262 F.3d 146, 154-55 (2d Cir. 2001).

D.     NYSHRL and NYCHRL

As Defendants are entitled to summary judgment on Jones' federal claims, this
Court declines to exercise supplemental jurisdiction over Jones' State and City claims. See 28
U.S.C. § 1367(b)(3); Mabry v. Neighborhood Defender Serv., 769 F. Supp. 2d 381, 402
(S.D.N.Y. 2011).

E.     Motion to Compel Discovery

On November 28, 2011, Jones submitted an Affirmation in Opposition to
Defendants' Motion for Summary Judgment, claiming that he required discovery from
Defendants to complete his opposition to their motion. On January 6, 2012, Jones filed a Motion
to Compel Discovery against all Defendants. Jones' requests for further discovery are denied, as
they fail to indicate what discovery he requires to support his Motion for Summary Judgment or
to oppose Defendants' Motion for Summary Judgment, or how further discovery would create a

5

disputed issue of material fact. See Demery v. Extebank Deferred Comp. Plan (B), 216 F.3d 283, 286 (2d Cir. 2000).

        F.     Motion for Default Judgment

        When Jones obtained a certificate of default against Boone and Harrison, these Defendants had not been properly served. There is no reason to conclude, in light of the facts presented and Jones' improper service upon these Defendants, that Defendants willfully defaulted, that the alleged default was prejudicial to Jones' case, or that Defendants cannot meritoriously excuse their alleged default. See Meehan v. Snow, 652 F.2d 274, 276-77 (2d Cir. 1981) (applying these criteria to determine appropriateness of relief from default). Thus, Jones' Motion for Default Judgment is denied. Boone and Harrison have now been properly served and have adopted the responsive pleading of the other Defendants.

## IV.   Conclusion

        For the reasons stated above, Jones' motions for default judgment and to compel discovery are denied. Further, Defendants are entitled to summary judgment with respect to all of Jones' federal law claims. Accordingly, this Court declines to exercise supplemental jurisdiction over Jones' State and City claims. Therefore, Jones' Motion for Summary Judgment is denied and Defendants' Motion for Summary Judgment is granted.

        The clerk shall terminate the motions (Doc. Nos. 50, 63, 66 and 71) and enter judgment for Defendants.

        SO ORDERED.

Dated:    June 27, 2012
          New York, New York

                                    ALVIN K. HELLERSTEIN
                                      United States District Judge